IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville June 23, 2015

## RALPH T. O'NEAL, III v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-D-2536      J. Randall Wyatt, Jr., Judge**

_____

### No. M2015-00319-CCA-R3-PC – Filed July 13, 2015

_____

Petitioner, Ralph T. O'Neal III, appeals the trial court's order summarily dismissing his pro se petition for post-conviction, habeas corpus, and error coram nobis relief. We find that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Ralph T. O'Neal III, Terre Haute, Indiana, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Glen Funk, District Attorney General, for the respondent, State of Tennessee.

## MEMORANDUM OPINION

*Facts and Procedural Background*

Over 21 years ago, Petitioner pled guilty in Case Number SC149891 to possession of a controlled substance in Davidson County.[1] Over 16 and a half years ago, Petitioner pled guilty in Case Number 98-D-2536 to being a felon in possession of a firearm in Davidson County. He was sentenced to one year in the workhouse suspended to one year

---

[1] Petitioner's sentence in this case is not apparent from the record.

on probation concurrent with Case Number SN16352. Nearly nine years ago, Petitioner pled guilty in Case Number GS279435 to theft of property valued at $500 or less. He was sentenced to eleven months and twenty-nine days suspended to probation.

On September 15, 2014, Petitioner filed a pro se petition seeking relief pursuant to Tennessee Rule of Criminal Procedure 32(f), post-conviction, habeas corpus, and error coram nobis. In the petition, he alleged that his guilty pleas were unknowing and involuntary because he was not advised that his convictions could be used to enhance any subsequent state or federal sentence.

The trial court treated the petition as a petition for post-conviction relief and summarily dismissed it as untimely on January 23, 2015.

It is from this order that Petitioner appeals.

*Analysis*

Petitioner argues on appeal that the trial court improperly dismissed his petition for relief. Specifically, he alleges the trial court performed a "screening peek" and summarily dismissed the petition without completing a "thorough analysis under all statutes raised" or asking the State to respond. The State disagrees.

Post-Conviction Relief

At the outset, we note that a trial court has the discretion to treat a pleading according to the relief sought. *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). The trial court herein treated the petition as a petition for post-conviction relief. A petition for post-conviction relief must be filed within one year of the date of the final action of the highest State appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id.*, and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b). Additionally, our supreme court has held that due process may toll the statute of limitations under very narrow circumstances. *See Whitehead v. State*, 402 S.W.3d 615 (Tenn. 2013) (attorney misconduct or abandonment); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000) (petitioner's mental incompetence); *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995) (later-arising grounds for relief). Petitioner pled guilty on May 24, 1994; January 21, 1999; and December 22, 2006. He filed the petition for relief on September 15, 2014, clearly outside the one-year statute of limitations in all three cases. He has not alleged any fact

which would toll the statute of limitations on either statutory or due process grounds. The trial court correctly dismissed the petition for post-conviction relief on the basis that it was untimely.

Moreover, even if the trial court had not treated the petition as a petition for post-conviction relief, Petitioner is not entitled to the relief sought on any other ground alleged.

## Habeas Corpus Relief

Petitioner argues that he is entitled to habeas corpus relief because he is suffering a collateral consequence of the guilty pleas in that his subsequent federal sentence was enhanced. "While there is no statute of limitations to bar the filing of a habeas corpus petition, the grounds upon which relief will be granted are limited in nature and scope." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Habeas corpus relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* In other words, habeas corpus relief is only available when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Tennessee law is clear that when a petitioner complains of a restraint on liberty that is a collateral consequence of a judgment, habeas corpus is not an appropriate avenue for seeking relief. *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004); *Derron Guy v. State*, No. M2013-01851-CCA-R3-HC, 2014 WL 2462847, at *2 (Tenn. Crim. App. May 29, 2014), *no perm. app. filed*. Petitioner's guilty pleas were entered on May 24, 1994; January 21, 1999; and December 22, 2006. Petitioner failed to attach a judgment for the 1994 conviction and his one-year sentence from 1999 and eleven month and twenty-nine day sentence from 2006 have long since expired. Petitioner has failed to show that he was restrained by a void judgment.

## Writ of Error Coram Nobis

Lastly, Petitioner insists he is entitled to relief through a writ of error coram nobis because the courts who accepted the underlying guilty pleas "violated" statutes by approving unknowing and involuntary guilty pleas. Tennessee Code Annotated section 40-26-105 provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

- 3 -

T.C.A. § 40-26-105(b).  A petition for writ of error coram nobis must include:

> (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) [that] the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner.

*Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004).  A petition for coram nobis relief must be filed within one year after the judgment becomes final.  T.C.A. § 27-7-103.  For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion.  *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999).  Petitioner filed his petition for relief more than twenty years after the oldest challenged conviction and almost eight years after the most recent challenged conviction.  His petition is untimely.  Petitioner has shown no due process considerations that would require tolling the statute of limitations.  *See Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010) (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)).  Furthermore, the grounds alleged by Petitioner are not cognizable for error coram nobis relief as they are in no way related to newly discovered evidence.  Petitioner is not entitled to relief.[2]

*Conclusion*

We determine, sua sponte, that this case meets the criteria of Rule 20 of the Rules of the Court of Criminal Appeals, which provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . and

---

[2] Petitioner abandons his claim with respect to Tennessee Rule of Criminal Procedure 32(f) on appeal.  *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. 2009), *perm. app. denied* (Tenn. Apr. 16, 2010).

No error of law requiring a reversal of the judgment or action is apparent on the record.

*See Larry L. Preston v. State*, No. E2007-02458-CCA-R3-PC, 2008 WL 2448318, at *2 (Tenn. Crim. App. June 18, 2008) ("[W]e point out that this Court's use of Rule 20 to summarily affirm a lower court's action is not limited to cases in which the State moves for such relief."), *no perm. app. filed*. Because the issues now raised by Petitioner do not entitle him to relief, we find no error in the decision of the Criminal Court for Davidson County to dismiss the petition for post-conviction, habeas corpus, and error coram nobis relief without a hearing and without the appointment of counsel. Accordingly, the judgment of the trial court is hereby affirmed in accordance with Rule 20.

_____
TIMOTHY L. EASTER, JUDGE